IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| OLUFEMI ABIODUN OGUNYEMI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 1:12CV839 |
| v. | ) | 1:05CR127-1 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Olufemi Abiodun Ogunyemi, a federal prisoner, has brought what the Court docketed as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [1:05CR127-1, Doc. #76]. On June 10, 2005, Petitioner was convicted of one count of possessing a firearm following a felony conviction in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three) and one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count Seven). He was subsequently sentenced to 120 months of imprisonment on Count Three and a concurrent 168 months of imprisonment on Count Seven. The sentence on Count Seven was later reduced pursuant to Motions under 18 U.S.C. § 3582(c)(2) to 120 months of imprisonment, which was the minimum sentence dictated by the statutory mandatory minimum sentence under § 841(b)(1)(B) in light of an Information of Prior Conviction filed by the Government under 21 U.S.C. § 851. The sentence on Count Seven also included a supervised release term of eight years, which was the minimum Petitioner could

receive based on the Information of Prior Conviction. He later filed the present Motion [Doc. #76].

Petitioner raises two claims for relief in his Motion, which are both based on the decision of the Court of Appeals for the Fourth Circuit in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Government filed a Response [Doc. #88] and Supplemental Response [Doc. #94], conceding that Petitioner's conviction under § 922(g) should be vacated because the predicate North Carolina convictions charged in Count Three would not support his conviction under § 922(g) as a felon in possession of a firearm. Specifically, the Government concedes that, using the analysis set out in Simmons, Petitioner did not face more than a year of imprisonment for the prior convictions listed in the Indictment as supporting the § 922(g) charge.

The Government also notes that the Court would lack jurisdiction to grant relief under § 2255 because Petitioner filed a previous § 2255 Petition and has not received certification from the Court of Appeals for the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h). However, the Government takes the position that Petitioner's Motion can be accepted as a Petition under 28 U.S.C. § 2241 and granted by this Court. The Government thus necessarily concedes that 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [Petitioner's] detention" and that habeas corpus relief is available instead under 28 U.S.C. § 2241. See 28 U.S.C. § 2255(e); In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (concluding that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion,

the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law"). In the Response and Supplemental Response, the Government asks that the Court vacate Petitioner's conviction as to Count Three of the Indictment.[1]

The Government has further affirmatively waived any statute of limitations that might otherwise apply.[2] In addition, although venue is ordinarily proper on a § 2241 Petition in the district where the Petitioner is incarcerated, the Government waives any objection to venue, and agrees that this case should proceed in this District. See Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011) (holding that this location limitation is "waived if not timely asserted"). The parties thus agree that Petitioner's Motion should be considered under 28 U.S.C. § 2241 and that pursuant to the § 2241 Petition, Petitioner's sentence and conviction on Count Three should be

---

[1] The Court notes that this case is one of the few cases to be considered in this District in which a "second or successive" § 2255 Petition is construed as a § 2241 Petition on the Government's concession. Cf. Rice v. Rivera, 617 F.3d 802 (4th Cir. 2010) (noting that the Court has an obligation to satisfy itself of its jurisdiction to proceed under § 2241). In considering this issue, the Court notes that other districts within this Circuit have accepted similar concessions and proceeded in allowing relief under § 2241 in similar cases. See, e.g., Smith v. United States, No. 5:05CR207-1, 2012 WL 3727321 (E.D.N.C. Aug. 28, 2012). This Court has also begun to follow this approach. See United States v. Sneed, Case No. 1:02CR154 (M.D.N.C. January 24, 2012). Moreover, the Court also notes that the Government now takes the position that the Court should vacate the judgment and conviction in this case as to Count Three. When the Government moves to vacate a conviction, as they have requested here, the district court must grant that request "unless clearly contrary to manifest public interest." See Rice v. Rivera, 617 F.3d at 811. Thus, in the present case, if relief under § 2241 were not available, it nevertheless appears that the Government's Response could potentially be construed as a Motion to Vacate under Federal Rule of Criminal Procedure 48. See id.

[2] The Court construes this concession as a waiver of any waivable defenses that might otherwise apply, and the Court will proceed on the basis of that waiver. See Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that it would be "an abuse of discretion to override a State's deliberate waiver of a limitations defense"); Wood v. Milyard, 132 S. Ct. 1826, 1830 (2012) ("A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense."); see also Yeatts v. Angelone, 166 F.3d 255, 261 (4th Cir. 1999) ("[T]he issue of procedural default generally is an affirmative defense that the state must plead in order to press the defense thereafter.").

3

vacated.³  The Court has reviewed the state court documents reflecting Petitioner's prior convictions listed in Count Three of the Indictment, and the Court notes that Petitioner's prior convictions were Class I felonies with prior record levels of I or IV and Class H felonies with prior record levels of II or III.  The maximum sentence he faced for those offenses under North Carolina law, as analyzed in Simmons, was not more than 12 months.  See N.C. Gen. Stat. § 15A-1340.17(c) and (d) (for offenses committed between Dec. 1, 1995 and Nov. 30, 2009). Therefore, having reached this conclusion and in light of the agreement of the parties, this Court will recommend that Petitioner's Motion be granted and that his conviction be vacated as to Count Three.  To the extent Petitioner made any payments toward the $100 special assessment for Count Three, those amounts should be returned to him.⁴

Petitioner's conviction on Count Seven of the Indictment is not affected by Simmons or the Government's concession as to Count Three.  However, as the Government notes, the Information of Prior Conviction that led to Petitioner's 120-month sentence and increased minimum term of supervised release on that count is also no longer valid under Simmons. Therefore, the Government concedes that Petitioner should be resentenced as to Count Seven. Trial courts have "broad and flexible power" in fashioning a remedy when granting relief under

---

³ Thus, the Government has taken the position that Simmons applies on collateral review under 28 U.S.C. § 2255 with respect to the types of claims presented in this case, and that the claims raised here are cognizable in these proceedings.  The United States Court of Appeals for the Fourth Circuit recently held that Simmons does apply on collateral review for persons whose convictions under 18 U.S.C. § 922(g) are no longer valid under Simmons.  Miller v. United States, 735 F.3d 141, 147 (4th Cir. 2013).

⁴ In order to facilitate that return, the Court will need a mailing address where any refund can be sent. Petitioner should, through counsel, supply to the Clerk's Office an appropriate mailing address other than Petitioner's prison address.  If a final Order is entered vacating Petitioner's conviction, the Clerk's Office will then calculate the amount of any refund that is due and send that amount to the address provided.

§ 2255, including the option of entering a corrected judgment or conducting a full resentencing when some counts are vacated but others remain. See United States v. Hadden, 475 F.3d 652, 669-72 (4th Cir 2007). In this case, relief has been granted based on the claim asserted as to Count Three, and in granting that relief and vacating the conviction on Count Three, the Court then has flexible power to determine whether resentencing is appropriate as to the remaining counts. Based on this broad discretion and the parties' agreement on this request, the Court concludes that resentencing is appropriate as to the remaining count. The Court therefore recommends that this matter be set for resentencing on Count Seven.[5]

IT IS THEREFORE RECOMMENDED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence [Doc. #76] be GRANTED, that the Judgment [Doc. #15] be VACATED, that Count Three of the Indictment [Doc. #1] be DISMISSED, that Petitioner be resentenced as to Count Seven of the Indictment, and that any money paid by Petitioner toward the $100.00 special assessment for Count Three be returned to him under the procedure set out above.

This, the 21st day of May, 2014.

          /s/ Joi Elizabeth Peake
          United States Magistrate Judge

---

[5] It appears that, because Petitioner was recently released from prison, he cannot receive a lower term of imprisonment. However, the increased term of supervised release created by the Information of Prior Conviction means that any claim as to Count Seven is not moot and that resentencing is still appropriate.